**Opinion filed June 9, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00122-CR
_____

## LARRY SMITH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR46153**

## M E M O R A N D U M   O P I N I O N

Appellant pleaded not guilty to the offense of failure to comply with sex offender registration, a third-degree felony. The jury found him guilty, and the trial court assessed Appellant's punishment at confinement for six years in accordance with the terms of an agreement as to punishment. We dismiss the appeal.

This court notified Appellant by a letter dated May 19, 2016, that we had received information from the trial court that Appellant had waived his right to appeal in this cause. We requested that Appellant's counsel respond and show

grounds to continue the appeal. We have not received a response to our May 19 letter.

The documents on file in this court reflect that Appellant waived various rights, including his right to appeal. These waivers were signed by Appellant, his attorney, and the trial judge. Among the waivers was a "**WAIVER OF RIGHT TO APPEAL**" in which Appellant affirmatively, "voluntarily, knowingly and intelligently WAIVE[D] AND G[A]VE UP [HIS] RIGHT TO APPEAL." The documents therefore show that Appellant waived his right to appeal. Texas has "long held that a valid waiver of appeal prevents a defendant from appealing without the trial court's consent." *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). A waiver of the right to appeal is valid if it was made voluntarily, knowingly, and intelligently. *Id.* Appellant asserted in his motion for new trial that his waiver was unknowingly and unintelligently entered. Appellant's blanket assertion, however, is not supported by the arguments made in his motion for new trial or by the documents on file in this case, and the trial court has not given Appellant permission to appeal. Accordingly, we dismiss this appeal without further action. *See id.* at 622–23; *see also* TEX. R. APP. P. 25.2(d).

This appeal is dismissed.

PER CURIAM

June 9, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.